Hennig v. Glen Alden Coal Company, Appellant.

Argued March 5, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

310

*J. H. Oliver,* with him *Franklin B. Gelder* and *G. S. McClintock,* for appellant.

*Frank P. Slattery,* for appellee.

PER CURIAM, April 15, 1935:

This was an action in assumpsit to recover twenty-five hundred dollars reward alleged to have been offered by the defendant coal company to the person or persons giving or furnishing information leading to the arrest and conviction of the person or persons responsible for the felonious killing of four of the company's employees by an explosion along its narrow gauge railroad, set off in the perpetration of a robbery.

The case was tried before Judge VALENTINE without a jury. His findings of fact, conclusions of law and relevant discussion of the case are printed in the reporter's statement and furnish ample justification for the judgment appealed from.

The learned trial judge found that the reward offered by the defendant in this case was "to the person

or persons giving or furnishing the information leading to the arrest and conviction of the person or persons responsible for said explosion.'' It is not disputed that the plaintiff furnished the information which resulted in the arrest and conviction of the perpetrators of the crime; that he assisted at the trial, which resulted in their conviction and that they suffered death by electrocution for the murders. The position is here taken that defendant's reward was offered for the arrest and conviction of the perpetrators of the crime, not for the information leading to their arrest and conviction. We think the stipulations of defendant's counsel on the trial and the evidence admitted by agreement support the finding, and that the present contention is an afterthought. While it is true that the offer of the *county commissioners* was to pay a reward of $2,500 ''to the person or persons giving or furnishing the information leading to the arrest and conviction of the person or persons responsible for the above explosion,'' *provided* ''that the Glen Alden Coal Company offer a like amount, to wit, the sum of twenty-five hundred dollars as a reward for the arrest and conviction of the person or persons responsible for said explosion,'' that did not prevent the defendant coal company from offering a reward of $2,500 for the information leading to the arrest and conviction of the perpetrators of the murder. We are not here concerned with whether the reward offered by the county could be collected from it. We are dealing only with the reward offered by the defendant coal company. On this point counsel for defendant stipulated as follows: ''It is agreed that the reward offered by the Glen Alden Coal Company is of the same nature as the reward offered by the County Commissioners of Luzerne County''; and that ''Excerpts from news articles and editorials appended hereto be entered as evidence in the case, and that wherever W. W. Inglis, President of

the Glen Alden Coal Company, or any other officer of the defendant is quoted therein, he is correctly quoted.'' Among the excerpts attached to this stipulation were news articles and editorials stating that Glen Alden Coal Company had offered $2,500 for information leading to the arrest and conviction of the persons responsible for the blowing up of the train and killing of its employees, and that President Inglis had, in effect, confirmed this offer. In the face of these stipulations it is idle to claim that the offer was otherwise.

The other matter of defense here pressed, viz., that the plaintiff was a police officer of the Lehigh Valley Railroad Company and that the defendant coal company had agreed to pay, and did pay, the expenses incurred by the railroad company's police officers in working on the case is sufficiently answered by the learned trial judge. That agreement was made by the officers of the two companies before the defendant offered any reward. It was not shown that the plaintiff knew anything about the agreement. The offer of reward did not exclude the railroad company's police officers. The plaintiff's efforts in the detection of the criminals were made after his usual working hours for the railroad company, and it was not shown that the payments to the railroad company included any of the expenses incurred by this plaintiff in his search for the perpetrators of the crime.

The judgment is affirmed on the findings and adjudication of the learned trial judge.